**RESNICK & LOUIS, P.C.**
PRESCOTT T. JONES, ESQ., SBN: 11361
pjones@rlattorneys.com
MYRALEIGH ALBERTO MCGILL, SBN: 14340
mmcgill@rlattorneys.com
8925 W. Russell Road, Suite 220
Las Vegas, NV 89148
Telephone: (702) 997-3800
Facsimile: (702) 997-3800
Attorneys for Defendant
LIGHTNING AUCTIONS, INC.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ALDEN TIMOTHY COX, | CASE NO.: 3:21-cv-00424-MMD-CSD |
| Plaintiff, | **STIPULATION AND ORDER FOR CONFIDENTIALITY AND PROTECTIVE ORDER** |
| vs. | |
| LIGHTNING AUCTIONS, INC., | |
| Defendant. | |

COMES NOW, Defendant LIGHTNING AUCTIONS, INC., by and through its counsel of record, Prescott T. Jones, Esq. and Myraleigh Alberto McGill, Esq. of the law firm of Resnick and Louis, PC, and Plaintiff Alden Timothy Cox, by and through his counsel of record, Oliver P. Maguire, Esq. of the law firm of Knight Nicastro MacKay LLC, and Stephen K. Christiansen, Esq. of the law firm of Christensen Law, PLLC, and hereby enters into the following stipulation and requests a Protective Order as follows.

During the course of this litigation, certain documents and information which either of the Parties hereto have protected and not made available to the public may be required to be produced during the course of this litigation ("Confidential Information"). Such documents and information may be designated as "CONFIDENTIAL" and shall thereafter be treated as confidential by the Parties in accordance with the terms of this Stipulation and Order for

Confidentiality and Protective Order. The Parties agree that the documents and information sought to be protected may qualify as trade secrets or other sensitive, proprietary, privileged and/or non-public commercial information that would justify sealing, further redaction, and/or protection. Accordingly, the Parties hereto, each by their respective counsel, hereby enter into this Stipulation and Order for Confidentiality and Protective Order setting forth the following terms and conditions that shall govern the disclosure and use of items designated as "CONFIDENTIAL":

1. To preserve the legitimate proprietary and privacy interests of a Producing Party's information, this Protective Order establishes a procedure for disclosing Confidential Information to the parties in this litigation, imposes obligations on persons receiving Confidential Information to protect it from unauthorized use of disclosure, and establishes a procedure for challenging confidentiality designations.

2. This Protective Order covers information that a party or non-party producing or disclosing such information in this litigation (hereafter "Producing Party") designates "CONFIDENTIAL." The designation "CONFIDENTIAL" shall be limited to information that the Producing Party in good faith believes is privileged, proprietary, commercially sensitive, invades an employee or third-party's rights to privacy, or for similar reasons should otherwise be subject to confidential treatment.

3. To designate documents or information as "CONFIDENTIAL," a Producing Party must so mark it or, in the case of a deposition or hearing transcript, designate it as provided below. The Producing Party must mark each page of each document and/or each significant component of any other objects containing Confidential Information with the appropriate designation as required. A cover letter can be used, if appropriate, to so designate computerized data.

4. All materials designated in any fashion as "CONFIDENTIAL" shall be used solely for the purpose of **this** lawsuit and any appellate proceedings in **this** action, and **not for any other purpose or lawsuit**. Within (30) thirty days of final termination of this litigation, the

parties must return to the Producing Party or destroy information containing Confidential Information.

5. Accidental disclosure of Confidential Information does not waive the confidentiality otherwise attaching to the Confidential Information.

6. If a party determines that documents or information disclosed in this litigation were not correctly designated, as soon as is reasonably practicable upon discovery of the incorrectly designated information, the party shall provide written notice to the other litigants that the information was inappropriately designated and meet and confer with the Parties to determine whether to re-designate the information. If the Parties are unable to resolve the designation dispute in the meet and confer, a party may move the Court for appropriate relief. In the interim, the information may not be used in a manner inconsistent with the written notice.

7. This Protective Order applies equally to documents and information obtained by or produced in response to any subpoena, including information produced by non-parties. In accordance with FRCP 45(a)(4), prior to serving a subpoena for the production of documents, the Party issuing the subpoena provide each Party with notice of the subpoena and a copy of the subpoena to be served.

8. Documents and information may be designated as confidential prior to or retroactively within a reasonable time after production. Retroactive designation shall be accomplished by notifying counsel for the Parties in writing or such retroactive designation. Upon receipt of any notice of retroactive designation, counsel shall (1) not make any further disclosure or communication of such retroactively designated materials except as provided for in this Order; (2) shall take reasonable steps to notify all persons known to have possession of any retroactively designated material of the effect of such redesignation under this Order; and (3) shall take reasonable steps to procure all copies of such retroactively designated material from aby persons known to have possession of any such retroactively designated material who are not entitled to receipt under this Order.

9. Subject to the provisions of this Protective Order, information designated as

1  "CONFIDENTIAL" may be disclosed to and used only by the persons described below for the
2  prosecution or defense of this litigation:

   a. Counsel of record for the party to whom such documents or materials are produced or given, including any attorneys assisting counsel of record and the legal associate, paralegals, clerical or other support staff or services of counsel of record or such attorneys;

   b. The named Plaintiffs, including, but not limited to, their outside and in-house counsel, including paralegals, clerical or other support staff or services and any officers, directors, managers, supervisors or other employees with responsibilities related to the subject matter of this litigation;

   c. The named Defendants, including, but not limited to, their outside and in-house counsel, including paralegals, clerical or other support staff or services, and any officers, directors, managers, supervisors, employees, or agents with responsibilities related to the subject matter of this litigation and any regulators or other third parties to whom disclosure is necessary in the conduct of Defendant's business;

   d. The Court and its personnel;

   e. Court reporters (including audio and visual);

   f. Copying, imaging and computer services for the purpose of copying, imaging, storing, or organizing documents provided that all Confidential documents are retrieved by the party furnishing it upon completion of this lawsuit;

   g. Special masters and/or Mediators;

   h. Consulting or testifying experts retained by a party who have been provided with a copy of this Stipulation and Order for Confidentiality and Protection and have agreed to be bound by the terms of this Stipulation and Order for Confidentiality and Protection as evidence by their signature at the foot of this Protective Order;

   i. The direct staff of the foregoing persons;

j. The author, addresses and recipients of the documents;

k. Deponents/testifying witnesses named in this litigation.

10. Deposition transcripts shall presumptively be considered to have been designated "Confidential" for a period of thirty (30) days following service of the transcript. In the interim and upon further review of the transcript, the deponent, his or her counsel, or any other party may re-designate portions of the entirety of the transcript as "Confidential," which designation shall remain in effect for the duration of this Protective Order. The deponent, his or her counsel or another party designating a transcript or portion as "Confidential" must advise counsel of record and the court reporter of any changes to the original designation. The court reporter shall mark the face of the transcript appropriately. If any portion of a videotaped deposition is designated pursuant to this paragraph, the videocassette, videotape, or CD-ROM container shall be labeled with the appropriate legend. Nothing in this paragraph shall prevent a party from making specific designations on the record during the deposition, and the court reporter shall mark the face of the transcript appropriately in that event.

11. In the event that either party intends to use any materials covered by this agreement in a way which would render the material a "Court Record," then such party must give the Producing Party (or party that requested that the Producing Party designate certain documents as Confidential) reasonable notice prior to such use so as to allow the Producing Party the opportunity to request that the materials designated as "CONFIDENTIAL" be sealed or redacted as necessary to protect their status as Confidential Information. The Producing Party will have the burden of providing the Court with any information necessary to support the seal or redaction of such Confidential Information.

12. Any party or person receiving Confidential Information covered by this Protective Order that receives a request or subpoena for production or disclosure of Confidential Information shall, give written or facsimile notice to the Producing Party identifying the information sought and enclosing a copy of the subpoena or request. The person subject to the subpoena or other request shall not produce or disclose the requested information without

1  consent of the Producing Party, or until ordered to do so by a court of competent jurisdiction,
2  provided that the Producing Party makes a timely motion or other application for relief from the
3  subpoena or other request in the appropriate form.

4      13.    Nothing contained in this Protective Order shall preclude any party from using its
5  own confidential documents or information in any manner they see fit, or from reviewing such
6  confidential documents or information without the prior consent of any other party or of this
7  Court.

8      14.    In the event of breach of this Protective Order, the Parties expressly acknowledge
9  that the non-breaching party shall be entitled to specific performance of the terms of this
10 Protective Order or other injunctive relief.  The parties expressly stipulate, agree, and
11 acknowledge that an unauthorized release of Confidential Information is a breach of this
12 Protective Order, and that damages arising from such a breach are not adequately relieved
13 through pecuniary compensation, are not reasonably quantifiable, and constitute irreparable
14 harm.

**IT IS SO STIPULATED BY AND BETWEEN:**

| Respectfully Submitted: | Approved: |
|---|---|
| DATED this 25th day of May, 2022 | DATED this 25th day of May, 2022 |
| RESNICK & LOUIS, P.C. | KNIGHT NICASTRO MACKAY LLC |
| */s/ Myraleigh Alberto* | */s/ Oliver Maguire* |
| By _____ | By _____ |
| PRESCOTT T. JONES, ESQ. | OLIVER P. MAGUIRE, ESQ. |
| Nevada Bar No. 11361 | 304 W. 10th Street |
| pjones@rlattorneys.com | Kansas City, MO 64105 |
| MYRALEIGH A. ALBERTO, ESQ. | maguire@knightnicastro.com |
| Nevada Bar No. 14340 | Attorney for Plaintiff Alden Timothy Cox |
| mmcgill@rlattorneys.com | |
| 8925 W. Russell Road, Suite 220 | CHRISTIANSEN LAW, PLLC |
| Las Vegas, Nevada 89148 | STEPHEN K. CHRISTIANSEN, ESQ., |
| Telephone: (702) 522-1826 | Nevada Bar No. 11081 |
| Facsimile: (702) 997-3800 | 3651 Lindell Road |
| Attorneys for Defendant, | Las Vegas, Nevada 89103 |
| Lightning Auctions, Inc. | steve@skclawfirm.com |
| | Attorney for Plaintiff Alden Timothy Cox |

# ORDER

**IT IS HEREBY ORDERED** that Confidential Information disclosed in this matter will be subject to the foregoing Protective Order, pursuant to the Stipulation of the Parties.

**IT IS SO ORDERED.**

DATED this __26th__ day of __May_____, 2022.

_____
UNITED STATES MAGISTRATE JUDGE